# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark A. Feldman, | No. CV-17-02540-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Tiffany & Bosco PA, *et al.*, | |
| Defendants. | |

At issue is *pro se* Plaintiff Mark A. Feldman's Emergency Motion for Remand (Doc. 10), to which Defendants Bank of America NA, Leonard J. McDonald, and Tiffany & Bosco PA ("Removing Defendants") filed Responses (Docs. 20, 21), and Plaintiff filed a Reply (Doc. 23), which was essentially another copy of his Motion and the Court will therefore deny as redundant.

On May 31, 2007, Plaintiff took out a mortgage loan of $110,000 from Defendant Bank of America secured by a deed of trust on a property located at 4161 East Muirfield Court, Gilbert, Arizona. (Doc. 1-1 at 41-55.) On April 18, 2017, Defendant Tiffany & Bosco recorded a Notice of Trustee's Sale of the property, to be held on July 18, 2017, as a result of foreclosure. (Doc. 1-1 at 58-61.) On July 13, 2017, Plaintiff filed this action in Arizona state court, raising four state law claims against Defendants: breach of contract, breach of the covenant of good faith and fair dealing, slander of title, and quiet title. (Doc. 1-1 at 8-31.) After the state court entered a Temporary Restraining Order and set an

evidentiary hearing, Removing Defendants filed a Notice of Removal (Doc. 1, Notice) in this Court on July 31, 2017.

Federal courts may exercise removal jurisdiction over a case only if subject matter jurisdiction exists. 28 U.S.C. § 1441(a); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004). The removing party bears the burden of providing a signed notice of removal that contains "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). Upon removal under § 1441(a), "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).

In the Notice of Removal, Removing Defendants state that federal question jurisdiction under 28 U.S.C. § 1331 is the basis for removal because Plaintiff's Complaint alleges a claim under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"). (Notice ¶ 10.) Removing Defendants further allege that the Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367. (Notice ¶ 11.)

Plaintiff challenges the removal on the ground that Removing Defendants did not obtain the consent of another Defendant, West H&A LLC. In response, Removing Defendants argue without support that West H&A is "fictitious" and a "sham defendant." (*E.g.*, Doc. 20 at 4.) Nothing before the Court indicates that West H&A is fictitious or otherwise improperly named by Plaintiff; indeed, Plaintiff's Complaint includes a recorded document purporting to be an Assignment to West H&A. (*See* Doc. 1-1 at 72.) Instead of being fictitious, West H&A is a foreign (*i.e.*, out-of-state) entity, according to Plaintiff's allegations in the Complaint. (Doc. 1-1 at 9.) Plaintiff purports to have served West H&A by service on the Arizona Corporation Commission, (Doc. 1-1 at 123), which would be a permissible means of service if West H&A were a domestic (*i.e.*, in-state) entity. *See* Ariz. R. Civ. P. 4.1(j). However, the Arizona Rules of Civil Procedure provide that a plaintiff must serve an out-of-state entity defendant "by delivering a copy of the

summons and the pleading being served to a partner, an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process," and "by also mailing a copy of each to the defendant." Ariz. R. Civ. P. 4.2(h). By serving the Arizona Corporation Commission, Plaintiff did not effectuate service on West H&A, and Removing Defendants were therefore not required to obtain the consent of West H&A before removal. *See* 28 U.S.C. § 1446(b)(2)(A).

Plaintiff also contends that Removing Defendants failed to include the entire state court record with the Notice of Removal, a proposition Removing Defendants dispute. While it appears Removing Defendants' papers are complete and include the documents Plaintiff asserts are missing, the Court would allow Removing Defendants to supplement the record if it were shown that they made a clerical error and state court documents are missing, rather than remand the action.

Plaintiff also argues that the *Rooker-Feldman* doctrine prevents this Court from exercising jurisdiction; however, that doctrine applies to appeals from a final judgment of state court, and not to a pending case that is removed from state court to federal court pursuant to 28 U.S.C. § 1441(a), as here. Thus, Plaintiff's argument that *Rooker-Feldman* requires remand fails.

In the interest of judicial economy and with the knowledge that a foreclosure sale on the property underlying Plaintiff's claims may still be scheduled for September 5, 2017—two weeks from now—the Court will also evaluate the validity of Plaintiff's ostensible federal claim as the basis for the Court's subject matter jurisdiction. Pursuant to the Notice of Removal, the Court's jurisdiction over this matter is based on what Removing Defendants refer to as Plaintiff's FDCPA claim—a claim that would arise under federal law. However, Plaintiff does not raise a separate FDCPA claim against Defendants, but rather refers to the FDCPA in his state law claim of breach of the covenant of good faith and fair dealing. (Doc. 1-1 at 20-23.) A claim arises under federal law such that federal question jurisdiction exists if either "(1) federal law creates the cause of action, or (2) the plaintiff's right to relief necessarily depends on resolution of a

substantial question of federal law, in that federal law is a necessary element of one of the well-pleaded claims." *Duncan v. Stuetzle*, 76 F.3d 1480, 1486 (9th Cir. 1996) (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808 (1988)) (brackets and internal quotation omitted). The Court finds that neither test is met here. The FDCPA does not provide for Plaintiff's breach of the covenant of good faith and fair dealing claim—Arizona law does—and that claim does not depend on the resolution of a question arising under the FDCPA, which Plaintiff mentions three times for the same proposition as a part of broader allegations. (*See* Doc. 1-1 at 13, 19-23.)

Moreover, in separate pending Motions (Docs. 14, 22), Removing Defendants argue that Plaintiff has failed, and is indeed unable, to state an FDCPA claim—a proposition with which the Court agrees. (Doc. 14, Mot. for J. on the Pleadings ("MJOP") at 5 (stating that Plaintiff's allegations "cannot possibly provide for [an FDCPA] claim" against Bank of America).) Specifically, as Bank of America alludes to in its Motion, Plaintiff's Complaint alleges that Defendants breached the covenant of good faith and fair dealing in part by violating the FDCPA when they "attempt[ed] to collect a debt that is not owed" and "impos[ed] fraudulent charges on the plaintiff that are neither due nor owing." (*See* Doc. 1-1 at 13, 20-21.) As Bank of America argues, these allegations fail for at least two reasons. First, the FDCPA does not apply because "mortgagees and their assignees, servicing companies, and trustee fiduciaries are not included in the definition of 'debt collector'" in the FDCPA. *Mansour v. Cal-W. Reconveyance Corp.*, 618 F. Supp. 2d 1178, 1182 (D. Ariz. 2009). Second, non-judicial foreclosure proceedings are not the collection of debt for FDCPA purposes. *Id.* For these reasons, as Removing Defendants concede, Plaintiff's FDCPA allegations lack merit.

A district court must remand a case to state court if the removal procedure was defective or the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "[S]ection 1447(a) means that if it is discovered at any time in the litigation that there is no federal jurisdiction, a removed case must be remanded to the state court rather than dismissed." *Albingia Versicherungs A.G. v. Schenker Int'l Inc.*, 344 F.3d 931, 938 (9th Cir. 2003),

*amended by* 350 F.3d 916. But "[s]ection 1447(c) does not mean that if a facially valid claim giving rise to federal jurisdiction is dismissed, then supplemental jurisdiction is vitiated and the case must be remanded." *Id.* Instead, "a district court must be sure that it has federal jurisdiction under § 1367(a)." *Acri v. Varian Assoc.*, 114 F.3d 999, 1000 (9th Cir. 1997). District courts may decline to exercise supplemental jurisdiction over state law claims under § 1367(a) if: "(1) the claim raises a novel or complex issue of [s]tate law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c). In determining whether to decline to retain jurisdiction over state law claims, a district court should consider judicial economy, convenience to the parties, fairness, and comity. *Acri*, 114 F.3d at 1001.

The Court concludes that, because Plaintiff's state court Complaint did not raise a claim arising under federal law, the Court lacked subject matter jurisdiction from the moment Removing Defendants filed the Notice of Removal. The Court must therefore remand this case to state court. *See Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001) (concluding that, "[w]ithout the hook of [federal question] jurisdiction—the basis for original jurisdiction—the district court has no power under either § 1367 or Article III of the Constitution to adjudicate *any* claims in the lawsuit" and should remand the case to state court); *Duncan*, 76 F.3d at 1490-91 (holding that the district court was required to remand the case to state court for lack of subject matter jurisdiction under § 1447(c) where the plaintiff's state court complaint failed to state a federal question claim and raised only state law issues).

Even if the Court determined that Plaintiff stated a facially valid claim arising under federal law in his Complaint, such that Removing Defendants' removal was proper, and the Court later determined the federal claim lacked merit—as the Court has now done—the Court in its discretion would not retain jurisdiction over Plaintiff's state law

claims. *See Albingia Versicherungs*, 344 F.3d at 936-38; *Acri*, 114 F.3d at 1000-01. The Court is justified in declining jurisdiction over the state law claims under § 1367(c)(3) because Plaintiff's only claim ostensibly arising under federal law lacks merit, and the Complaint otherwise only raises state law claims, namely, breach of contract, breach of the covenant of good faith and fair dealing, slander of title, and quiet title. Likewise, the Court is justified in declining jurisdiction over the state law claims under § 1367(c)(2) because the state law claims unquestionably predominate over Plaintiff's allegations invoking the FDCPA.

The *Acri* factors also favor remand. With regard to judicial economy, the state court has already considered Plaintiff's Complaint, entered a Temporary Restraining Order, and set an evidentiary hearing, and principles of comity, if anything, also support remand. No inconvenience to the parties arises from remand, nor is a remand unfair.

The Court in its discretion will deny Plaintiff's motion for sanctions contained in Plaintiff's Emergency Motion to Remand.

IT IS THEREFORE ORDERED granting Plaintiff's Emergency Motion for Remand (Doc. 10). The Clerk of Court is directed to remand this matter to Maricopa County Superior Court without delay. However, the Court declines to sanction Defendants for removing this matter.

IT IS FURTHER ORDERED denying as moot all other pending Motions and directing the Clerk to close this matter.

Dated this 23rd day of August, 2017.

_____
Honorable John J. Tuchi
United States District Judge